UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.

MARIA ORTIZ,

    Plaintiff,

v.

HARD ROCK CAFÉ INTERNATIONAL
(USA), INC. d/b/a Hard Rock Hotel & Casino
Punta Cana,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Maria Ortiz, sues Hard Rock Café International (USA), Inc. d/b/a Hard Rock Hotel & Casino Punta Cana and in support thereof further states:

### PARTIES, JURISDICTION, VENUE AND GENERAL ALLEGATIONS AS TO ALL COUNTS

1. This is an action for damages in excess of seventy-five thousand dollars ($75,000.00) exclusive of interests, costs and attorneys' fees.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a).

3. At all times material, Maria Ortiz ("Ms. Ortiz") is and was a United States citizen, resident of and domiciled in the State of New Jersey.

4. At all times material, Defendant, Hard Rock Café International (USA), Inc. d/b/a Hard Rock Hotel & Casino Punta Cana ("HRCI") was and is a Florida corporation with its

1

principal place of business and "nerve center" located at 6100 Old Park Lane, Orlando, Florida 32835.

5. Upon information and belief, HRCI, owns and/or operates the Hard Rock Café & Casino Punta Cana (the "Resort").

6. Further, HRCI, maintains several hotels and casinos throughout the United States and Florida including one in Hollywood, Florida.

7. Upon information and belief, Inversiones Zahena S.A. de C.V. ("INVERSIONES") is a Mexican company, which manages and/or operates the Resort for HRCI pursuant to an express or implied contract.

8. Upon information and belief, HRCI and Inversiones Zahena S.A. de C.V. ("INVERSIONES") are engaged in a formal and/or informal business relationship pursuant to an express or implied contract. The express or implied contract entered into between HRCI and INVERSIONES sets forth the rights and duties of both HRCI and INVERSIONES.

9. Upon information and belief, HRCI and INVERSIONES have a shared or community interest in performance for a common purpose of owning, managing and/or operating The Resort in Punta Cana, Dominican Republic.

10. Upon information and belief, HRCI has control or the right to control INVERSIONES in its management and/or operation of The Resort. HRCI's control or right to control extends to the training and qualifications of Resort employees. HRCI's control or right to control further extends to the manner in which The Resort property is maintained so that The Resort maintains certain standards promulgated by HRCI. HRCI further controls or has the right to control the atmosphere, look and feel of the resort and maintains control

or the right to control over employee appearance and performance. HRCI maintains control or right to control over the hiring, firing and retention of Resort employees.

11. Upon information and belief, HRCI provides training manuals for the operation and management of Resort employees and ensures or should ensure that INVERSIONES enforces the mandates therein.

12. Upon information and belief, HRCI and INVERSIONES maintain a joint proprietary interest in the Resort. HRCI and INVERSIONES maintain ownership or partial ownership of the Resort.

13. Upon information and belief, HRCI and INVERSIONES have a right to share in the profits of the Resort as well as a duty to share in the losses. This right to share in profits and duty to share in losses stems either from an express or implied contract.

14. Upon information and belief, HRCI and INVERSIONES are engaged in an agency relationship with HRCI as the principal and INVERSIONES as the agent and/or apparent agent with respect to the management and/or operations of the Resort.

15. Upon information and belief, INVERSIONES accepted the role of agent and/or apparent agent for HRCI as it pertains to the ownership, operation and/or management of the Resort.

16. Upon information and belief, HRCI has control or the right to control INVERSIONES in the management and/or operations of the Resort as described in Paragraphs 9 and 10 above.

17. On or about November 19, 2012, Ms. Ortiz was a guest of the Resort in Punta Cana, Dominican Republic, when she slipped and fell on a slippery, oily, transitory substance present on the floor leading to the bathroom facilities from the pool area of the Resort.

The slippery, oily substance was not readily visible and despite using all reasonable care, Ms. Ortiz was unable to navigate the area without falling. As a result of her fall, Ms. Ortiz suffered severe personal injuries including a fracture of the left humeral head that required a shoulder replacement and rod insertion.

## COUNT I
## NEGLIGENCE AS TO HRCI

18. Defendant, HRCI had a duty to maintain its premises including the Resort, in a condition that was safe for all invitees through proper inspections, repair procedures, maintenance and follow-up and to correct dangerous conditions of which it either knew or should have known by the exercise of reasonable care.

19. Defendant, HRCI had actual or constructive knowledge that the area where Ms. Ortiz fell was unreasonably slippery because it was near the pool area where guests would apply lotion and tanning oils making the already wet area even more slippery.

20. Defendant, HRCI knew or should have known that the area in question posed an unreasonable hazard and breached their duty of care in one or more of the following ways:

    a. Failing to properly clean the area in question and rid it of slippery, oily and/or transitory substances;

    b. Failing to properly and/or regularly inspect the area in question to discover hazards such as the one encountered by Ms. Ortiz;

    c. Failing to have a policy or procedure in place maintaining the area in question;

    d. Failing to warn that the area in question was slippery;

4

    e. Failing to select the proper flooring materials for the area when HRCI knew or should have known that the area would become slippery; and

    f. Failing to remediate the hazard posed by the slippery floor by placing rubber mats or other anti slip materials.

21. As a direct and proximate result of Defendant's aforementioned acts and omissions, Ms. Ortiz fell and suffered severe personal injuries and damages.

WHERFORE, Plaintiff, Maria Ortiz, demands judgment against Hard Rock International Café (USA), Inc. for compensatory damages and costs associated with bringing this action.

### COUNT II
### VICARIOUS LIABILITY AS TO HRCI

22. Defendant, HRCI and INVERSIONES are engaged in a joint venture and/or agency and/or apparent agency as described in Paragraphs 8-15 above.

23. Defendant, HRCI is liable for the acts and omissions of INVERSIONES because HRCI and INVERSIONES are engaged in a joint venture.

24. Further, HRCI, is liable for the acts and omissions of its agent, INVERSIONES, as principal.

25. INVERSIONES had a duty to maintain its premises including the Resort, in a condition that was safe for all invitees through proper inspections, repair procedures, maintenance and follow-up and to correct dangerous conditions of which it either knew or should have known by the exercise of reasonable care.

26. INVERSIONES had actual or constructive knowledge that the area where Ms. Ortiz fell was unreasonably slippery because it was near the pool area where guests would apply lotion and tanning oils making the already wet area even more slippery.

27. INVERSIONES knew or should have known that the area in question posed an unreasonable hazard and breached their duty of care in one or more of the following ways:

    a. Failing to properly clean the area in question and rid it of slippery, oily and/or transitory substances;

    b. Failing to properly and/or regularly inspect the area in question to discover hazards such as the one encountered by Ms. Ortiz;

    c. Failing to have a policy or procedure in place maintaining the area in question;

    d. Failing to warn that the area in question was slippery;

    e. Failing to select the proper flooring materials for the area when INVERSIONES knew or should have known that the area would become slippery; and

    f. Failing to remediate the hazard posed by the slippery floor by placing rubber mats or other anti slip materials.

28. As a direct and proximate result of INVERSIONES' aforementioned acts and omissions, Ms. Ortiz fell and suffered severe personal injuries and damages.

29. Plaintiff, Ms. Ortiz, reasonably relied on the apparent agency relationship between HRCI and INVERSIONES due to the manner in which the Resort conducts business under the "Hard Rock" name including the use of its logos. Further, Resort employees appeared to Ms. Ortiz as being HRCI employees.

WHERFORE, Plaintiff, Maria Ortiz, demands judgment against Hard Rock International Café (USA), Inc. for compensatory damages and costs associated with bringing this action.

## **DAMAGES**

Plaintiff, Maria Ortiz, sustained pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, incurred medical expenses, and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these losses in the future.

Plaintiff's injuries and related damages were caused by the negligence of the Defendant, Hard Rock Café International (USA), Inc.

WHERFORE, Plaintiff, Maria Ortiz, demands judgment against Hard Rock International Café (USA), Inc. for compensatory damages and costs associated with bringing this action.

Dated: November 13, 2013

        Respectfully submitted,

        **THE LAW OFFICES OF ROBERT L. PARKS, P.L.**
        799 Brickell Plaza, Suite 900
        Miami, Florida 33131
        Tel:   (305) 445-4430
        Fax:  (305) 445-4431
        Email: bob@rlplegal.com
                 gabe@rlplegal.com

        By: /s/ Robert L. Parks
        Robert L. Parks
        Florida Bar No. 61436
        Gabriel A. Garay
        Florida Bar No. 103303

        *Counsel for the Plaintiff*