UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 13-24116 (ALTONAGA)

MARIA ORTIZ,

       Plaintiff,


v.


HARD ROCK CAFÉ INTERNATIONAL
(USA), INC. d/b/a Hard Rock Hotel & Casino
Punta Cana,

       Defendant.

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS[1]

       Plaintiff, Maria Ortiz, files this Response in Opposition to Defendant's Motion to Dismiss and further states as follows:

1. On December 26, 2013, Defendant, Hard Rock Cafe International (USA), Inc. d/b/a Hard Rock Hotel & Casino Punta Cana ("Hard Rock" or "Defendant") filed a Motion to Dismiss [D.E. 12] on two grounds: 1) *forum non conveniens* ("*fnc*"); and 2) Failure to Join Indispensible Party.

2. The crux of Hard Rock's motion is that 1) the Dominican Republic is an adequate alternate forum; 2) the private interest factors weigh in favor of dismissal; 3) the public interest factors weigh in favor of dismissal; and 4) Inversiones Zahena S.A., a mexican

---

[1] Plaintiff respectfully requests oral argument pursuant to Local Rule 7.1(b) on Defendant's Motion to Dismiss.

corporation is an indispensible party to this litigation.  Defendant's motion has no merit and should be denied.

### *FORUM NON CONVENIENS:* DEFENDANTS HAVE FAILED TO OVERCOME THEIR BURDEN FOR DISMISSAL OF THIS ACTION

"The doctrine of *forum non conveniens* permits a court with venue to decline to exercise its jurisdiction when the parties' and court's own convenience, as well as the relevant public and private interest, indicate that the action should be tried in a different forum." *Pierre Louis v. Newvac Corp.* 584 F.3d 1052, 1056 (11th Cir. 2009).

In the Eleventh Circuit however, for a defendant to succeed in dismissal of an action for *forum non conveniens*, a party must present "*positive evidence of unusually extreme circumstances and material injustice*" before a court can exercise their discretion in dismissing a case. *SME Racks, Inc. v. Sistemas Mecanicas Para Electronica, S.A.,* 382 F.3d 1097, 1101 (11th Cir. 2004).

At the outset, Hard Rock has failed to address this standard.  While Defendant refers to *SME Racks* in passing, it does not address the high burden it must overcome before this case is dismissed.  Since Defendant has not presented positive evidence of unusually extreme circumstances or manifest injustice, their motion must be denied.  Further Defendants have engaged in discovery on the merits of this case, which not only waives their argument that this is an inconvenient forum but also shows why this case cannot be dismissed.  Defendants have misstated their burden as showing that the chosen forum would be "unnecessarily burdensome for the defendant or the court."  In the Eleventh Circuit, the plaintiff enjoys a "strong presumption" of correctness when that plaintiff is a United States citizen as is the case here.

This heavy burden reflects two important principles. First, dismissing a case in favor of a foreign forum implicates the federal courts' "'virtual unflagging obligation to exercise the

jurisdiction conferred upon them.'" *Turner Entertainment Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1518 (11th Cir. 1994) (*quoting Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  Second, when a plaintiff satisfies the requisites of jurisdiction and venue, in all but the most extreme circumstances, he is *entitled* to choose his forum, and his choice "should rarely be disturbed 'unless the balance is strongly in favor of the defendant'" *SME Racks,* 382 F.3d. at 1101.

**A. Recent Decisions and Proper Balancing of Interests**

In a case involving a wrongful death in the Bahamas, the court reasoned: "[D]efendants have not met their burden in showing why the allegedly treacherous conditions could not be shown through photographs, video…testimony of hotel employees." *Collins v. Marriott Int'l Inc.,* Case No. 09-22423 (JORDAN) D.E. 57 at 3.  Similarly here, the area where Mr. Wagner was attacked could be shown through photographs, videos and testimony.  Defendants themselves have provided a building drawing and photographs showing the area.  "I do not weigh heavily the defendants' contention that witnesses whose knowledge is limited solely to the recovery of Mr. Knowlton's body must be available to testify at trial about the conditions [of the property in question.]"  *Collins*, Case No. 09-22423 (JORDAN) [D.E. 57] at pp. 4-6.  In this case, Defendants have identified five potential witnesses to this action including Mr. De Groot.  See Aff. of G. De Groot. [D.E. 12-4].  Mr. De Groot testifies that along with himself who conducted an investigation, there are four potential witnesses.  Mr. Montas is still employed by the resort and therefore can be compelled to testify.  The same can be said of Mr. De Groot. The remaining witnesses, Mr. Feliz, Mr. Martinez and Dr. Luna are arguably under the Resort's control.  Mr. Feliz and Mr. Martinez can be located by the Resort according to Mr. Groot and therefore can be deposed at a time and place convenient to them.  Nothing in the affidavit of Mr.

Groot indicates that these witnesses who are no longer employed will not cooperate with the resort. Further, it is unclear what if any value Dr. Luna's testimony will have to Hard Rock's defense of this lawsuit. In any event, Plaintiff can stipulate that she declined medical care from Dr. Luna which given the cumulative nature of Dr. Luna's testimony obviates the need to depose her.

The Court in *Collins* went on point out that all documentary evidence can be copied and transported here, to the Sourthern District. *Id.* at 4. As in *Collins*, the Hard Rock is a Florida corporation doing extensive business in the United States. "Most of the witnesses listed are employees of the hotel and therefore 'under the defendant's control' and can easily travel to Miami." *Id.* "Defendants have not met their burden in showing manifest injustice." *Id.* at 6.

In a products liability and negligence context taking place in the Bahamas, this Court balanced the private and interests of a citizen of Arizona against Utah and Canadian defendants. After finding that when "weighed against one another, the balance tilts toward Defendants" the court goes on: "Nevertheless, Eleventh Circuit precedent is clear that when weighing private interest factors, the scales are not equally calibrated – the robust presumption in favor of a U.S. citizen is to be applied when balancing private interest factors." *Matthews v. Whitewater West Industries, et. al.*, Case No. 11-22424 (ALTONAGA) [D.E. 76] at pp. 18-19.

> "Under these circumstances a defendant must do more than just prove the private interest factors favor dismissal; rather he or she must prove that 'unusually extreme circumstances' are present and 'thoroughly' persuade the Court that 'material injustice' would result if it retained jurisdiction."

*Id.* at 19. See also, *Klyszcz v. Cloward et. al.*, Case No. 11-23023 (COOKE) [D.E. 66] (denying a motion to dismiss against the same Utah and Canadian defendants against an Ohio plaintiff).

In the instant case, the Defendant is a Florida corporation.  There is no manifest injustice and unusually extreme circumstance in defending a lawsuit in the very state and country which defendant is based.

Further, Defendant has failed to identify what documentary evidence would need to translated.  See M. Dismiss [D.E. 12] at pg. 8.  In any case, the financial burden of translating any such documents would be borne by the Plaintiff and therefore would not be a hardship to the Hard Rock.  Certainly finding a translator in the Southern District of Florida is not an unusually extreme circumstance that merits dismissal of this lawsuit.

In a wrongful death action against Bahamian defendants, the court, in ruling against defendants reasoned: "Defendants have not listed any witnesses with any knowledge as to how the accident happened or the circumstances leading up to the accident who reside in the Bahamas." *Massa v. Kerzner Int'l Ltd. et. al.,* Case No. 11-60232 (DIMITROULEAS) [D.E. 29] at p. 15.  In the instant case, Defendant has not listed a single witness who has any knowledge of the area in question prior to Ms. Ortiz's fall.  Finally, Defendant has not listed a single witness to the accident itself.

In another similar case, the court found that as in this case any record evidence was not proven to be "burdensome and could be transported to the District." *Marks v. Kerzner Int'l Bahamas Ltd.,* Case No. 12-22546 (MARTINEZ) [D.E. 35] at p. 5.  Further, the court in *Marks* found that the majority of witnesses listed by defendants were under their control and thus could be transported here to the Southern District to testify.  *Id.* at p. 6.  Further, as here, no matter what forum is chosen there will be "some witnesses beyond the subpoena power of the court adjudicating the case." *Id.* at 7.  When balancing interests the courts in this district have recognized that the goal is not merely to trade inconveniences.  *See also*, *Black v. Kerzner Int'l*

*Holdings, Ltd, et. al.*, Case No. 12-60301 (DIMITROULEAS) [D.E. 64]  (finding that although private and public interest are at or near equipoise, dismissal the presumption against disturbing a U.S. plaintiff's chosen forum tilts balance in favor of the plaintiffs.); and unpublished Eleventh Circuit opinion, *McLane v. Los Suenos Marriott Ocean and Golf Resort, et. al.*, Case No: 11-11860, DC Docket No 08-cv-20662 (reversing trial court for failing to apply strong presumption in the balancing of private interest factors).

Recently, in a premises liability action, *Wagner v. Island Romance Holidays Inc.*, Case No. 12-23928 (MORENO) (S.D. Fla. 2013), the court found that even though on balance the private factors weighed slightly in favor of dismissal, Defendants failed to show unusually extreme circumstances and manifest injustice.  Further, Judge Moreno in *Wagner* considered the question of third-party impleading and held that even though Defendants could not implead a third party, the deference given to Plaintiff's choice in forum made this factor non-dispositive.  "Nonetheless, given the deference the Court must give to the Plaintiff's choice of forum, this factor cannot determine dismissal of this case." *Id.* at 7-8.

Also, in a food poisoning, products liability context, *Howard v. Kerzner Int'l Ltd.*, Case No. 12-22184 (MORENO) (S.D. Fla. 2013), the court found that some third-parties are still subject to the control of defendants, the defendant did not meet their burden in showing why the necessary evidence could not be obtained via "letters rogatory or some similar procedure."  The court in *Howard* also considered the inability to implead third parties and found that "defendants have not established that it would be unduly burdensome to pursue a separate indemnification action against any such third parties in the Bahamas." *Id.* at 13.  In the instant case, and similar to the *Wagner* and *Howard* cases, Defendants have not shown why it would be unduly

6

burdensome to litigate this case here and pursue an indemnity action in the Dominican Republic if and when it becomes necessary.

All eight decisions, attached as Composite Exhibit 1, provide the proper balancing, showing that when an analysis of private factors is being done, the scales *are not equally calibrated*, the defendant has to overcome the strong presumption in favor of the plaintiff's choice of forum when that plaintiff is a United States citizen and that if even on balance the factors may tilt in favor of dismissal, there must be ***manifest injustice or unusually extreme circumstances*** that warrant dismissal.

The Florida Supreme Court also recently re-established that the Federal standard for dismissal was also Florida's standard.  "As stated by the Eleventh Circuit, courts "should be thoroughly convinced that material injustice is manifest before . . . deny[ing] a United States citizen access to the courts of this country." quoting SME Racks, 382 F.3d at 1101.  See *Cortez v. Palace Resorts, Inc., et. al*. No. SC11-1908.  (re-adopting the federal standard in *SME Racks* and holding that where negligent actions can be attributed to companies located in Florida which have a managerial and marketing headquarters here, defendants cannot argue a more convenient forum lies outside where they reside.)  Here there is no question that the Hard Rock is present and conducts substantial business including marketing from its Florida headquarters.

Defendant further relies on the  *Goldstein v. Hard Rock Cafe International (USA) Case, Inc.*, Case No. 12-148-Orl-18KRS (M.D. Fla. 2012) case, however, that case is distinguishable because there were additional defendants and other considerations related to those defendants. Further, the court in *Goldstein* failed to articulate the proper standard under *SME Racks.*

## A. Adequacy of Dominican Republic as an Alternate Forum

Plaintiffs do not contest the *per se* adequacy of the Dominican Republic as an adequate alternate forum. However, as will be described in the private and public interest factors, the fact that Defendant is amenable to process there is of no benefit to Ms. Ortiz because she would not financially be able to pursue a lawsuit in the Dominican Republic. See Aff. M. Ortiz (Exhibit 2) Defendant provides an affidavit from an attorney who practices in the Dominican Republic. See Aff. J. Ubiera [D.E. 12-3]. Mr. Ubiera states that there are fee agreements which allow the Plaintiff to pay fees and costs at the end of the trial. The affidavit is silent as to what occurs should Ms. Ortiz not prevail and whether the money owed by her in the form of costs can be collected by her attorney.

## B. Private Interest Factors Weigh Heavily Against Dismissal of this Action

Private interest factors include:  relative ease of access to sources of proof, access to unwilling and willing witnesses, ability to compel testimony, the possibility of the view of the premises, and the enforceability of judgment. *Wilson v. Island Seas Investments, Ltd.* 590 F.3d 1264, 1270 (11th Cir. 2009) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Renta*, 530 F.3d at 1356.). "These factors are not exhaustive and the court should be flexible in applying them." *Id.* (citing *King v. Cessna Aircraft Co.* 562 F.3d 1374, 1381-82 (11th Cir. 2009)). In balancing the private interest factors, the Court must also account for the "'strong presumption against disturbing [a plaintiff's] initial forum choice.'" *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983) (quoting *Pain v. United Tech. Corp.*, 637 F.2d 775, 784 (D.C. Cir. 1980) (alteration added)); *see SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1102 (11th Cir. 2004) (noting that the presumption in favor of a plaintiff's choice of forum "is to be applied specifically when weighing the private

interests.") (citation omitted).

## i. Relative Ease of Access to Witnesses and Evidence[2]

In support Hard Rock's Motion, Defendant has identified five possible witnesses. Plaintiff has also identified witnesses which are all located in the United States, including Plaintiff's daughter, and medical providers all of which are outside the subpoena power of Dominican Courts.  See Aff. M. Ortiz.

Defendants have not identified a single witness whose testimony is not only critical but unavailable if this case were litigated here in the Southern District.  Further, even if not permitted for reasons outside of Defendant's control, any witness not able to travel could appear by video either live or previously recorded.  The Defendants have the burden "as to all elements of the *forum non conveniens* analysis." *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43-44.  Defendants have failed to prove how or why these witnesses are unavailable to travel to the United States or why they would be unable to have their witnesses testify live despite the witnesses not currently holding a visa.  There is no evidence on the record concerning what, if anything, is preventing them from obtaining visas to travel here.

"[T]he majority of witnesses who reside in the Bahamas are the defendants' own agents and employees, who are under defendants' control and will appear voluntarily." *Ward v. Kerzner Internat'l Hotels*, 2005 WL 2456191 * 3 (S.D. Fla. March 30, 2005). The plaintiff will either produce or do without the evidence under her control, and the Hard Rock cannot claim an inability to secure evidence under their control.

---

[2] Defendant references a "Project License Agreement by and between Hard Rock and Inversiones Zahena. See [D.E. 12] at pg. 3 fn.6 Plaintiff has not had an opportunity to review the document and therefore objects to the introduction of the agreement as evidence.  Defendant has agreed to produce the document once the Court enters a Stipulated Protective Order which was agreed to in principle by the parties on 01/27/14.  The license agreement should have no bearing on the *fnc* analysis.  Rather, the document is likely being presented in support of Defendant's argument that Inversiones Zahena is the proper party to the lawsuit.  Plaintiff addresses this issue in her Response.  In the event that the Court does consider the agreement, Plaintiff respectfully requests an opportunity to briefly conduct limited discovery regarding the agreement and its relevance to the issue of *fnc* if any.

Defendant asserts that there are no witnesses in the United States "regarding day to day maintenance operations and procedures in the Dominican Republic" with no evidentiary support. This is of no consequence because maintenance personnel who are employed by the resort can be compelled to testify.  Defendant also asserts that there is no guarantee that third-party witnesses would agree to testify in Florida or be allowed to travel here.  Defendant has provided no proof or evidence that third parties would not agree or that they would not be allowed to travel here.  It stretches the imagination to think of a scenario where the Hard Rock would request a resort employee presence and that employee not comply.  It is Hard Rock's burden to prove that these third-party witnesses testimony is necessary and they have not met their burden.  Further, even assuming some third-party witnesses' testimony is needed, their depositions and testimony can be transmitted live to the United States.

Modern technology has made many of the arguments regarding document production and live testimony moot.  In the instant case Defendants have failed to articulate how live video testimony prejudices their defense.

Defendant's reliance on Florida connections to the lawsuit is misplaced as it is well settled that the United States is the relevant forum when conducting an *fnc* analysis.  "[T]he relevant forum for purposes of the federal [fomm non conveniens] analysis is the United States as a whole."  *Wilson v. Island Seas Investments, Ltd.* 590 F.3d 1264  (11th Cir. 2009) citing <u>Aldana</u>, 578 F.3d at 1293; *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1303 (11th Cir. 2002) ("[F]ederal courts, in the *forum non conveniens*  context, do not focus on the connection between the case and a particular state, but rather on the connection of the case to the United States as a whole.")

### ii. A View of the Premises

While vaguely alluded to, there is no showing by Hard Rock that the rules of court in the Dominican Republic would allow a jury (or trier of fact if there is no jury) to leave the courtroom and visit where Ms. Ortiz fell.  Second, any argument that such a visit is necessary completely ignores modern technology, such as cameras, videos and computer simulations.

In light of the foregoing it is dubious what if any value an onsite visit for the trier of fact would yield.  In the case of experts, a site inspection, if necessary, could be arranged on a mutually agreed upon date and time.

### iii. Practical Considerations

Despite Defendant's contention to the contrary, Inversiones Zahena is not a necessary party to these proceedings.  Plaintiffs can proceed against Hard Rock and if a judgment is collected, Defendant may very well have a claim against Inversiones Zahena in the Dominican Republic.  Such considerations are not dispositive unless Defendant can prove that not having Inversiones Zahena as a party to this action would be an unusually extreme circumstance or manifest injustice.

"Courts considering inconvenience due to a defendant's inability to implead have required a showing of active inconvenience, not mere hypothetical discussion regarding the efficiency of third-party practice." *Sun Trust* 184 F. Supp.2d at 1265.  In the instant case, Inversiones Zahena is according to Defendant, the "potential tortfeasor."  Plaintiffs have also included a vicarious liability count which obviates the need to join Inversiones Zahena.  Defendant has not met its burden in providing for more than a hypothetical discussion regarding third-party practice.

11

Finally, notwithstanding language in some decisions, a plaintiff is *not* required to choose the "best" forum for litigating a case, and the court's task is *not* to pick the "best" forum for litigating the case. Plaintiffs are not required to "choose the optimal forum . . .," *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000), *cert. denied sub nom. San Francisco Baseball Associates, LP v. Ravelo Monegro*, 531 U.S. 1112 (2001). Plaintiff still has a right to choose her forum. And "the plaintiff's choice of forum rarely should be disturbed." *Del Monte Fresh Produce Co. v. Dole Food Co. Inc.*, 136 F. Supp. 2d 1271, 1276 (S.D. Fla. 2001).

Also, the application of foreign law is not a consideration that weighs in favor of dismissal. First, Defendant proposes that Dominican law applies without the Court ever having conducted a complete choice of law analysis. Plaintiff does not concede that Dominican law applies. In the instant case, there appears on the face of Defendant's motion to be a "false conflict" meaning that while the law of the Dominican Republic may be different, the result ie. the granting of damages for medical expenses and pain and suffering or not, remain the same.

"A 'false conflict' exists when the 'laws of different states are 1) the same, 2) different but would produce the same result, or 3) when the policies of one state would be furthered by the application of its laws while the policy of the other state would not be advanced by the application of its laws.'" *Tune v. Philip Morris, Inc.*, 766 So.2d 350 (Fla. 2d DCA 2000). Defendant has shown that Dominican Republic will allow for a lawsuit and damages to be awarded in much the same way Florida law allows. Therefore, a "false conflict" exists and the application of Dominican law is not a factor in favor of dismissal.[3]

---

[3] If the Court finds that Dominican law may apply then an evidentiary hearing would be necessary to determine what Dominican law is. For the purposes of an *fnc* analysis a choice of law analysis is not necessary. Courts in the Southern District have routinely applied foreign law.

## C. Public Interest Factors Weigh Heavily Against Dismissal

If the Court finds that the balance of private factors is in equipoise or near equipoise, then it must determine whether or not factors of public interest tip the balance in favor of a trial in a foreign forum. *Wilson*, 590 F.3d 1271-72. The Eleventh Circuit has clarified that while "private factors are generally considered more important" courts should consider both public and private factors "in all cases." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001).

Public interest factors include: a) court congestion and jury duty generated by controversies *having no relation to the forum*; b) the desirability of having localized controversies decided at home; and c) the difficulties attendant in resolving conflict of law problems and applying foreign law. *See Ward v. Kerzner International Ltd., et. al,* 2005 WL 2456191 at *4, *citing La Seguridad*, 707 So.2d at 1307.

The instant action is between a U.S. citizen and U.S. corporation who is doing extensive business here, in Florida, the United States and abroad, therefore the United States and Florida both have interests in the litigation. *See SME Racks*, 382 F.3d at 1104; and *Ward,* 2005 WL 2456191 at *5 (citing *Sun Trust v. Sun Int'l Hotels Ltd.*, 184 F. Supp.2d 1246, 1266) ("[T]his forum has a similar interest in providing United States citizens with a forum in which to seek redress for injuries caused by foreign defendants who are subject to U.S. jurisdiction.") As Judge Jordan has stated in *Collins*:

> This controversy has a relationship to this forum because, as stated above,
> 'there is a strong federal interest in making sure that plaintiffs who are United States citizens generally get
> to choose an American forum for bringing suit, rather than having their case relegated to a foreign
> jurisdiction.'*SME Racks,* 382 F.3d at 1104. At the same time, I recognize that the Bahamas has a stake in
> the efficient resolution of lawsuits involving accidents occurring on its soil. **I conclude that this interest
> is outweighed, however, by the interest in providing an American plaintiff an American forum..."**

[Emphasis added]

Of importance is the fact that neither party to this lawsuit is Dominican.  Also, this country and its citizens certainly have a significant interest in determining that resorts such as the Hard Rock, take reasonable steps to ensure the safety of their guests.  See *Ward v. Kerzner Int'l Hotels, Ltd.* 18 Fla. L. Weekly Fed. D 506 (S.D. Fla. 2005) (Court found that the United States has a public interest in a case where the underlying incident occurred at a resort in the Bahamas and that resort conducts business in the United States through South Florida offices.)

## D. Inversiones Zahena Is Not An Indispensible Party

Plaintiff does not concede that Inversiones Zahena is an indispensible party.  Defendants have not argued the appropriateness of the allegations against Hard Rock, rather they have argued that Inversiones Zahena may also be a potential tortfeasor and for this reason the Complaint should be dismissed.  Plaintiff's theory of liability against Hard Rock is simple: a company such as Hard Rock does not just license its name and relinquish all control over the resort.  In the instant case, Hard Rock surely has guidelines that must be followed by the resort and quality control measures to ensure that resorts such as the Hard Rock Punta Cana is being operated at a standard commensurate with the Hard Rock brand.  If Hard Rock failed to supervise or otherwise maintain the property then they may have liability for their own active negligence.  Even if Hard Rock was not actively negligent, they can be liable under an agency and/or apparent agency theory of liability.  Ms. Ortiz did not want to visit the Inversiones Zahenas Resort.  She visited a Hard Rock Hotel and Casino and relied on that brand name to deliver a product on par with the name.  In any event, the Complaint is sufficient to maintain an action against the Hard Rock.  Should Plaintiff obtain and execute a judgment against Hard Rock, Defendant is free to pursue Inversiones Zahena in an indemnity action if it so chooses.  If Defendant is to be believed, the Dominican Republic is an adequate forum to do so.

Should Hard Rock wish to implead or join Inversiones Zahena in this action as a third-party defendant, it may do so.  If it cannot, for reasons related to personal jurisdiction, then Hard Rock is free to file suit against Inversiones Zahena in the Dominican Republic if and when a judgment is obtained and executed upon here.  Lastly, Defendant's claim that it would be prejudiced and not able to defend this lawsuit carries little weight given that they have identified witnesses and presumably obtained statements from them concerning what they know with respect to this lawsuit.  Defendant further states that Plaintiff should have to answer for why it did not sue Inversiones Zahena.  It is Ms. Ortiz's prerogative as plaintiff to sue the parties she sees fit, and in the instant case, there is nothing preventing the full adjudication of this lawsuit by not including Inversiones Zahena as a party.

## CONCLUSION

Hard Rock has waived their *fnc* argument by conducting merit discovery in the form of interrogatories and requests for production.  As of the filing of this Response, Plaintiff has served answers to interrogatories and responses to request for production.  Further, Hard Rock has failed to carry their burden of showing unusually extreme circumstances or manifest injustice. Plaintiff, Maria Ortiz, respectfully requests that the Court deny Defendant's Motion to Dismiss pursuant to the doctrine of *forum non conveniens* and for failure to join an indispensible party.

Respectfully submitted,
**THE LAW OFFICES OF ROBERT L. PARKS, P.L.**
799 Brickell Plaza, Suite 900
Miami, Florida 33131
Tel:    (305) 445-4430
Fax:   (305) 445-4431
Email: gabe@rlplegal.com
          bob@rlplegal.com

By:/s/ Gabriel A. Garay
Gabriel A. Garay
Florida Bar No. 103303

15

Robert L. Parks
Florida Bar No. 61436

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was filed with the Clerk on

January 27, 2014 using cm/ecf who will forward copies to all counsel of record.

/s/ Gabriel A. Garay

Gabriel A. Garay

Florida Bar No. 103303