UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-24116 (ALTONAGA)

MARIA ORTIZ,

    Plaintiff,

v.

HARD ROCK CAFÉ INTERNATIONAL
(USA), INC., a Florida Corporation, and
HARD ROCK LIMITED, a Jersey Channel
Island corporation,

    Defendants.
_____/

**PLAINTIFFS' MOTION FOR RECONSIDERATION AND TO ALTER
OR AMEND THE JUDGMENT PURSUANT TO RULES 59(e) AND 60(b), AND
INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Maria Ortiz, files this Motion for Reconsideration and to Alter or Amend the Judgment pursuant to Rules 59(e) and 60(b) to reconsider its Order on Motion to Dismiss, dated August 11, 2014 [D.E. 66] (the "Dismissal Order") in which it dismissed this action on *fnc* grounds. Plaintiff requests that the Court grant reconsideration, and upon reconsideration to place the case back on the Court's docket for the following reasons:

1. One of the chief concerns for the court was access to sources of proof and costs associated with litigating this case for HRCI. [D.E. 66] at p. 10.

2. Similarly another for the Court is the inability of certain witnesses to testify live for lack of a visa and the costs associated with procuring a visa to testify in the United States.

1

3. Plaintiff hereby stipulates that her attorneys will pay all the costs associated with obtaining a non-immigrant visa for all Dominican witnesses HRCI will call live for trial.

4. Plaintiff's attorney will also pay for the flight and lodging for those witnesses testifying at trial.

5. In its Order, the Court further found that "The Dominican Republic has a greater local interest in adjudicating the safety of the Resort than does the United States." [D.E. 66] at p. 11.  Respectfully, the standard in *fnc* cases is to consider the United States as a whole and not focus the inquiry on Florida.  This case is between a U.S. citizen against a U.S. corporation and a company doing extensive business in the U.S. and it would be heard before a U.S. jury.

6. The Court also imposed certain conditions on HRCI as part of the dismissal.  [D.E. 66] at p. 14-15.

## MEMORANDUM OF LAW

Rule 60(b)(6) of the Federal Rules of Civil Procedure provides courts with the necessary authority to vacate judgments whenever such action is appropriate to accomplish justice. *See Liljeberg v. Health Serv. Acquisition Corp.,* 486 U.S. 847, 864 (1988); *Klapprott v. United States,* 335 U.S. 601, 615 (1949); *Jackson v. People's Republic of China,* 794 F.2d 1490, 1494 (11th Cir. 1986).  It is an umbrella provision which provides for a "grand reservoir of equitable power to do justice in a particular cause." *United States v. Real Property Located at Route 1,* 126 F.3d 1314, 1318 (11th Cir. 1997); *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. 1981). Whether to grant that relief is within the discretion of the district court. *Real Property Located at Route 1,* 126 F.3d at 1318; *Seven Elves,* 635 F.2d at 402.

In the instant case, Plaintiff has stipulated to covering the expense of obtaining visas for any Dominican witness HRCI requires live testimony from at trial.  Further, Plaintiff has agreed to bear the costs of flights and lodging.

The Court found that "costs of obtaining the attendance of willing witnesses heavily favor Hard Rock's position." [D.E. 66] at p. 10.  Plaintiff covering those costs eliminates that as a factor weighing in favor of dismissal.

This Court found that a Florida jury would have no interest in a controversy between a New Jersey plaintiff in an action arising out of an injury in the Dominican Republic.  However, this Court recognized in *Matthews v. Whitewater West Indus., Ltd. et. al.* Case No. 11-24424, n.7 (S.D. Fla. 2012) (ALTONAGA),

> "Defendants' argument that the case has no "meaningful connection" to Miami is relevant to the public interest factor analysis only to the extent that it supports Defendants' argument regarding the burdens of jury duty.  As a general matter 'federal courts, in the *forum non conveniens* context, **do not focus on the connection between the case and a particular state**, but rather on the connection of the case to the United States as a whole.'"

citing *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1303 (11th Cir. 2002).  See also, *Wilson v. Island Seas Investments, Ltd.*, 590 F.3d 1264 (11th Cir. 2009) (reversing trial court's *fnc* analysis).  Also, the court in *Larsen*, found that "the United States also has an interest in litigation involving the [Resort Defendants] because they have conducted business in the United States through their South Florida offices."  2009 WL 1759585 at *12 (S.D. Fla. December 20, 2011).

As part of the order of dismissal, the Court entered several conditions concerning making evidence and witnesses available to Ms. Ortiz.  As indicated by Ms. Ortiz in her affidavit, she simply does not have the means to prosecute this case in the Dominican Republic.  The issue has nothing to do with contingency fee agreements.  Instead,  it has everything to do with access to courts.  If Ms. Ortiz does not have the means to prosecute this case in the Dominican Republic,

no set of directives from this Court will impact her ability to seek redress for her injuries. In all practical effect, the Court has ruled on the merits against Ms. Ortiz because she will never file suit in the Dominican Republic. The ultimate result is a United States citizen being barred from the Courts of the United States against a United States corporation.

Between the *Goldstein* case and this Court's Order [D.E. 66] and given the facts before the Court, it is difficult to fathom a situation from this point forward where the Hard Rock entities would ever be held accountable to a United States citizen in this country for torts committed abroad. In the meantime, Hard Rock will continue to market and sell reservations to Americans not only for the Punta Cana resort but for all its resorts worldwide.

## **CONCLUSION**

Plaintiff respectfully requests that the Court reconsider its Dismissal Order to correct a in the interests of justice. Upon such reconsideration, Plaintiffs respectfully request that the court deny Defendant's motion to dismiss.

Respectfully submitted,

**THE LAW OFFICES OF ROBERT L. PARKS, P.L.**
799 Brickell Plaza, Suite 900
Miami, Florida 33131
Tel:   (305) 445-4430
Fax:   (305) 445-4431
Email: gabe@rlplegal.com
           bob@rlplegal.com
By: /s/ Gabriel A. Garay
Gabriel A. Garay
Florida Bar No. 103303
Robert L. Parks
Florida Bar No. 61436

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was filed with the Clerk, on August 22, 2014, using cm/ecf who will forward copies to all counsel of record.

/s/ Gabriel A. Garay

Gabriel A. Garay

Florida Bar No. 103303