UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-24116-CIV-ALTONAGA/O'Sullivan

MARIA ORTIZ,

       Plaintiff,
vs.

HARD ROCK CAFÉ
INTERNATIONAL (USA), INC., *et al.,*

       Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiff, Maria Ortiz's ("Ortiz[']s]") Motion for Reconsideration . . . ("Motion") [ECF No. 68], filed on August 22, 2014. The Court has carefully considered the written submission, the record, and applicable law.

By Order dated August 11, 2014 ("August 11 Order") [ECF No. 66], the Court granted Defendant, Hard Rock Café International (USA), Inc.'s Motion to Dismiss . . . ("Motion to Dismiss") [ECF No. 54]. The Court determined Counts I and II of the Amended Complaint [ECF No. 45] merited dismissal on *forum non conveniens* grounds. (*See* Aug. 11 Order 14–15). Ortiz now urges the Court to reconsider the August 11 Order. She states counsel will pay for costs associated with obtaining visas, flights, and lodging for Dominican witnesses; and argues the Court should have considered the connection between the litigation and the United States as a whole, not just Florida. (*See generally* Mot.).

The Motion is not received favorably. To begin, Local Rule 7.1(a)(3) of the U.S. District Court for the Southern District of Florida provides:

> Prior to filing any motion in a civil case, . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing),

> with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. . . . At the end of the motion, and above the signature block, counsel for the moving party *shall certify* [in accordance herewith.]

(emphasis and alterations added). The Rule further states that "[f]ailure to comply . . . may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction . . . ." *Id.* (alterations added). By its terms, Local Rule 7.1(a)(3) does not exempt motions for reconsideration from its requirements. (*See id.*) The Motion makes no mention of conferring, or reasonable efforts to confer, with counsel for Defendant. (*See generally* Mot.). It is therefore unclear what efforts (if any) were made to confer with counsel for Defendant about the relief Ortiz requests, and the Court denies the Motion on this ground.

Next, Ortiz fails to address the relevant standards for reconsideration, and thus fails to articulate how her arguments justify the relief she seeks. "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)) (internal quotation marks omitted). The reconsideration decision is granted only in extraordinary circumstances and is "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)) (internal quotation marks omitted). A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation and internal quotation marks omitted).

Ortiz makes no argument an intervening change in law merits reconsideration. (*See generally* Mot.) And Ortiz could have made all of the new stipulations concerning payment for costs for witnesses when filing her response to the Motion to Dismiss. (*See id.* 1–3). This is a classic example of "rais[ing] argument or present[ing] evidence that could have been raised prior to" the Court's decision, and Ortiz may not do so now in the Motion. *Arthur*, 500 F.3d at 1343 (alterations added; citation and internal quotation marks omitted).

The only *potential* ground for reconsideration Ortiz *could have* raised in the Motion is the need to correct clear error and manifest injustice. Even were the Court to, *sua sponte*, marshal Ortiz's arguments in an attempt to show clear error or manifest injustice, her argument the United States as a whole has an interest in the litigation, even if a Florida jury does not, fails to indicate clear error or manifest injustice. As stated in the August 11 Order, the courts in *Goldstein v. Hard Rock Cafe Int'l (USA), Inc.*, No. 6:12-cv-148-Orl-18KRS [ECF No. 49] (Sept. 12, 2012), *aff'd* 519 F. App'x 653 (11th Cir. 2013) (per curiam), faced a strikingly similar situation, and there is no indication the connection Ortiz's litigation has to the United States as a whole is greater than that of the *Goldstein* litigation. Therefore, even were it considered on its merits, the Motion does not present the extraordinary circumstances justifying reconsideration. *See Tristar Lodging, Inc.*, 434 F. Supp. 2d at 1301.

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 68]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of August, 2014.

*Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record